NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-49-JBC

RAYMONE MONTGOMERY-SETH                                               PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, ET AL.                                             DEFENDANTS

Raymone Montgomery-Seth, who is currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has submitted a prisoner *pro se* civil rights action under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971).[1]  He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 4].  The court will address the motion to proceed *in forma pauperis* by separate order.

This matter is before the court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law.  *Bivens*, 403 U.S. at 397.

---

[1] The plaintiff filed a previous lawsuit in this court on December 8, 2006: *Montgomery-Seth v. Bureau of Prisons*, 06-CV-406-JMH.  The court dismissed that proceeding without prejudice on January 25, 2007, for want of prosecution.  The plaintiff did not appeal, but instead initiated this action on February 16, 2007.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) permits dismissal of a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The Clerk of the court lists the Bureau of Prisons ("BOP") and FMC-Lexington as the named defendants in this action. This entry is based upon the plaintiff's having listed these two entities as defendants on page one of the complaint [Record No. 2]. In Section III of the Complaint Form ("Parties"), the plaintiff actually listed three additional defendants: (1) Maria Marreno, M.D.; (2) "Quinn," whom the plaintiff identifies as "Lt." and "SIS Member"; and (3) an unknown member of the "SIS." [Record No. 2, p. 3] The Clerk of the court will be directed to list these three individuals as additional defendants in this action.

## CLAIMS

Plaintiff alleges that the defendants violated his constitutional rights in three respects. First, the plaintiff alleges that he is a trans-sexual and that the defendants have discriminated against him on the basis of his gender. That claim of alleged denial of equal protection would fall under the Fifth Amendment of the United States Constitution.

Second, the plaintiff alleges that the defendants refuse to pay for hormones which

he demands. That claim would fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

Third, the plaintiff alleges that a prison official threatened to have him (plaintiff) put in segregation if he persisted in demanding exhaustion appeal forms. Construed broadly, a claim of alleged retaliation would fall under the First Amendment of the United States Constitution.

## RELIEF REQUESTED

The plaintiff seeks no specific relief.

## DISCUSSION

On February 16, 2007, the court directed the plaintiff to either pay the $350.00 filing fee or submit necessary documentation to proceed *in forma pauperis*. In that order, the court advised the plaintiff that he should produce evidence of his stated efforts at administrative exhaustion.

The plaintiff filed the necessary documentation in response to the *in forma pauperis* issue [Record Nos. 4 and 5]. As for the request for exhaustion information, the plaintiff attached a handwritten notation to Record No. 4 in which he purported to explain his efforts to administratively exhaust his claims. Plaintiff states that his counselor at FCI-Lexington (J. Childress) refused to provide him with the necessary BP-8 and BP-9 forms. Plaintiff further alleges that Childress threatened to have him (plaintiff) put in segregation if he persisted in demanding exhaustion appeal forms [Record No. 4, Attachment].

While it is unclear when or whether the plaintiff has fully exhausted all of his claims, the court is required to dismiss this action without prejudice for another reason. The plaintiff does not state what type of relief he seeks - either equitable or monetary. The

3

complaint form which the plaintiff filed specifically asked for the "**Relief**" which the plaintiff sought [*see* Record No. 2, § V]. This section of the complaint asked the plaintiff to "State briefly exactly what you want the court to do for you." The plaintiff did not respond to this inquiry.

*Pro se* litigants are to be held to less stringent standards than trained lawyers. While a *pro se* complaint is to be given generous construction, "the principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475 89 L. Ed.2d 729 (1986). In discussing the most basic requirement of *pro se* complaints, the *Beaudett* court opined as follows:

> *Gordon* [*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District Judges are not mind readers.

*Beaudett*, at 1278.

Fed. R. Civ. P. 8(a)(3) requires that a complaint contain "a demand for judgment for the relief the pleader seeks." *Id*. In *Gill v. Tillman*, 2001 WL 395051 (S.D. Ala. 2001), the *pro se* plaintiff's requested relief in his complaint was: "Relief to be determined as the case proceeds." The district court ruled that this relief failed to constitute a demand for judgment in compliance with Fed. R. Civ. P. 8(a)(3) and that, consequently, the plaintiff's complaint failed to state a claim upon which relief could be granted.

*Tillman* relied on *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993). In finding the plaintiff's central complaint was deficient and violated Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment, *Goldsmith* stated as follows:

4

("[Rule 8(a)(3)'s] requirement is not arduous--any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." (quoting 5 Charles A. Wright & Arthur Miller, Federal Practice § 1255 at 366 (2d ed. 1990))).

*Goldsmith* at 1161. Failure to demand any form of relief justifies dismissal without prejudice. *See also Player v. Phoenix*, 1992 WL 350780 at *1 (S.D. N.Y. Nov. 13, 1992) (unpublished) (action dismissed *sua sponte* for failure to state claim due to the lack of demand for judgment in the amended complaint); and *Dupree v. Lubbock County Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992) (action dismissed *sua sponte* for failure to state a claim because no demand for judgment set forth in complaint).

The instant complaint fails to state a claim upon which relief can be granted. The complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  The Clerk of the court is direct to amend the record to reflect that the plaintiff has also named three additional defendants, who are as follows: (1) Maria Marreno, M.D.; (2) "Quinn," whom the plaintiff identifies as "Lt." and "SIS Member"; and (3) an unknown member of the "SIS."

(2)  This action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on March 7, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY